### ISAAC W. HOWLAND *vs.* EDWARD W. HOWLAND.

In an action brought under Pub. Stat R. I. cap. 106, § 6, of fences :

*Held*, that when a fence was built by the plaintiff on his own land, not on the boundary line between his land and the defendant's, and not on a boundary line recognized and acted on by the parties, the defendant was not bound to contribute to the cost of the fence, even though the fence, if paid for by both parties, would become a boundary line by estoppel.

*Semble*, that the statute assumes a recognized or undisputed boundary line as the basis of the fence viewer's jurisdiction.

*Held*, further, that Pub. Stat. R. I. cap. 106, § 5, does not authorize an order to build a new fence where none has existed, but applies only to the rebuilding of a former fence or the repair of one which has become defective or ruinous.

*Held*, further, that when a fence viewer under Pub. Stat. R. I. cap. 106, § 8, apportioned a line of fence but did not " direct the time within which each party shall erect or repair his share of the same," no right of action arose.

*Held*, further, that case in tort, not *assumpsit*, is the common law remedy under Pub. Stat. R. I. cap. 106, for the neglect to build a partition fence in discharge of the statutory duty.

CASE under the Public Statutes of Rhode Island, cap. 106, § 6. Heard by the court, jury trial being waived.

Pub. Stat. R. I. cap. 106, §§ 2, 5, 6, 8, provide :

SECT. 2. All partition fences shall run on the dividing line, and the owners shall have the right to place one half of the width thereof on the land of each adjoining proprietor. Such fences

shall be kept up and maintained in good order through the year, unless the parties concerned shall otherwise agree.

SECT. 5. Whenever any proprietor or possessor of land shall neglect or refuse to repair or rebuild any partition fence, or shall withdraw his fence from any division line, the aggrieved party may complain to any fence viewer of the town, who, after due notice to such party, shall attend and view the same ; and if he shall find said complaint to be true, he shall, in writing, require the delinquent party to repair or rebuild the same within such time as he shall therein appoint, not exceeding fifteen days.

SECT. 6. If such order shall not be complied with, the complainant may repair or rebuild the same in the manner set forth in said order, and when the same shall be completed to the satisfaction of such fence viewer, he shall ascertain the cost thereof and give a certificate of the same, including also his fees, to the complainant, who may demand of the party delinquent double the sum in said certificate mentioned. If the same be not paid within one month after demand, the complainant may recover the same in an action of the case for money laid out and expended, with interest at the rate of twelve *per centum* per annum.

SECT. 8. Whenever any controversy shall arise about the rights of the respective occupants in partition fences and their obligation to maintain the same, either party may apply to a fence viewer of the town where the lands lie ; who, after due notice to each party, may, in writing, assign to each his share thereof, and direct the time within which each party shall erect or repair his share of the same ; which assignment, being recorded in the office of the town clerk, shall be binding on the parties and all succeeding owners and occupants of the lands, and they shall always thereafter maintain their respective shares of said fence, until the rights of the respective parties shall be determined differently in some proper action.

*Providence, October* 18, 1884. DURFEE, C. J. This is an action under Pub. Stat. R. I. cap. 106, §§ 5, 6, to recover double the cost of one half of a fence erected as a partition fence. The case was tried to the court, jury trial being waived. It appeared on trial that the land divided by the fence was formerly all one lot, belonging to the defendant. The whole lot was taken on ex-

ecution, and $17\frac{2775}{10000}$ acres of it were sold to one Charles W. Howland under the execution in satisfaction thereof. The sheriff in his deed to said Charles conveyed said $17\frac{2775}{10000}$ acres with boundaries on the north, east, and west, and bounded the same on the south by land of the defendant, thus leaving the south line undetermined, as no length was given for the east and west boundaries or either of them. Afterwards said Charles employed a surveyor to measure off for him said $17\frac{2775}{10000}$ acres on the north side of the lot, and, after the measurement, had the south line, as found by the surveyor, apportioned between him and the defendant, and then conveyed said $17\frac{2775}{10000}$ acres to the plaintiff. The defendant took no part, and, as appears, was not asked to take any part in the proceeding. The plaintiff went into possession and built his part of the fence under the apportionment aforesaid; the defendant did not build. Thereupon the plaintiff made complaint to the fence viewer, who, acting under, or intending to act under § 5, notified the defendant "to put the said wall or fence in repair and of legal height within fifteen days." The defendant did not comply with this order. The plaintiff therefore completed the fence himself.

The defendant disputes the validity of the sheriff's sale, and contends that, even if the sale was valid, the plaintiff cannot maintain his action for several reasons, some of which we think are valid. The statute expressly declares that "all partition fences shall run on the dividing line." The defendant introduced testimony to show that, accepting the plaintiff's theory of his rights under the sheriff's deed, the fence erected by the plaintiff was not on the dividing line, but was two feet away from it on the plaintiff's land. We think the testimony is probably correct. The defendant contends that, this being so, he cannot be required to pay for the fence. We think the point is well taken in this case, however it may be in a case where the fence is built on a line which, though not the true line, has been recognized and acted upon as such by the parties. The plaintiff replies that the defendant cannot make the objection because it is to his advantage if the fence be off the line. We do not think he is bound to accept the advantage. We do not see how he can be required to pay for a fence built on the plaintiff's land, about two feet away

from the dividing line, any more than he could be required to pay for any other structure erected on the plaintiff's land. It may be urged that the fence will become the dividing line by estoppel if it is paid for. But, admitting this, the estoppel does not yet exist, and the defendant cannot in our opinion be compelled, against his will, to assist in creating it. Indeed the statute seems to contemplate the existence of a recognized or undisputed line as the ground of the jurisdiction which it confers on the fence viewers ; for it gives them no power to establish a new line when the parties do not agree upon it.

The defendant also contends that the order or notice to him from the fence viewers " to put the wall or fence in repair " was not authorized by § 5, because § 5 does not authorize an order or notification to erect a new wall or fence where none has ever existed, but only applies when an existing fence has become defective by dilapidation or decay, or where a fence, formerly existing on a dividing line, has been withdrawn. We think this construction is correct. The section does not authorize the fence viewer to require the delinquent party to build anew, but only authorizes him, in case of a neglect to repair or rebuild, to require the delinquent to repair or rebuild ; and it is impossible to repair or rebuild what has never existed. If any special remedy be conferred, where no fence has ever existed, in the case of improved land, it is conferred by § 8 ; but though the fence viewer undertook to act under § 8, and did apportion the line, as the same was claimed to exist by the plaintiff's predecessor in title, he did not " direct the time within which each party shall erect or repair his share of the same," as there provided. The plaintiff is therefore not entitled to any special remedy under § 8, if indeed there be any special remedy under it.

The plaintiff has inserted in his declaration a count in *assumpsit* for the actual cost of the fence, and contends that the count is good at common law on the ground of an implied promise to pay. We do not think so ; for the owners or tenants of adjoining lands are not bound to fence them at all at common law except by prescription. Perhaps, however, the plaintiff means that the count is maintainable as the common law remedy under the statute. We do not think that is so. The common law remedy under the

statute, if any, is not *assumpsit* for the cost of building the fence, but case *ex delicto* for damages for the injury suffered by the plaintiff for the neglect of the delinquent party to build it in discharge of his statutory duty.

*Judgment for the defendant.*

*William P. Sheffield & William P. Sheffield, Jun.*, for plaintiff.
*E. L. Barney & Christopher M. Lee*, for defendant.